UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANDY K. HITDLEBAUGH,

       Plaintiff,                        Civil Action No. 10-cv-13115

     v.                                 District Judge Bernard A. Friedman
                                       Magistrate Judge Laurie J. Michelson

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.
_____/

## OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on Magistrate Judge Laurie J. Michelson's Report and Recommendation ("R and R") dated April 29, 2011 recommending that Defendant's motion for summary judgment be granted and Plaintiff's motion for summary judgment be denied. Plaintiff filed an objection to the R and R on May 13, 2011. This Court has had an opportunity to fully review this matter and believes that the Magistrate Judge has reached the correct conclusions for the proper reasons.

As the R and R noted, the issue in this case is whether the ALJ failed to follow the "treating physician rule" in rejecting Plaintiff's primary care provider's ("Dr. Mika's") June 2008 opinion that Plaintiff was completely disabled from work. *See Friend v. Comm'r of Soc. Sec.*, 375 F. App'x 543, 550 (6th Cir. 2010); *see also* 20 C.F.R. § 404.1527(d)(2); SSR 96-2p. Pursuant to that rule, the Court must first decide if the ALJ provided "good reasons" for rejecting the treating physician's, Dr. Mika's, opinion as required by 20 C.F.R. § 404.1527(d)(2). *Rogers*

*v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242-43 (6th Cir. 2007). If the ALJ failed to meet this procedural requirement, the Court must determine if its failure to do so was "harmless error." *See Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 547 (6th Cir. 2004); *Nelson v. Comm'r of Soc. Sec.*, 195 F. App'x 462, 472 (6th Cir. 2006).

The Magistrate Judge concluded that despite the ALJ's failure to explicitly provide good reasons for rejecting Dr. Mika's opinion, the ALJ implicitly satisfied the reasons-giving requirement of the treating physician rule. This Court agrees with the Magistrate Judge's conclusion and therefore accepts the R and R.

Plaintiff does not directly contest the Magistrate Judge's conclusion that the ALJ implicitly satisfied the reasons-giving requirement. Instead, Plaintiff raises a number of factual arguments in support of his contention that Dr. Mika's opinion is consistent with the record and therefore should have been given more weight by the ALJ. Plaintiff claims that the Magistrate Judge has made what is at best an "educated guess" as to how the record supports the ALJ's decision to reject Dr. Mika's opinion, and that an "equally plausible interpretation" is that Dr. Mika's opinion is "clearly consistent with the record as a whole," where the record supports a finding of "continued depression." (Pl.'s Obj. at 1-2.)

Plaintiff's argument is without merit. This Court's power to review is limited to determining whether the Commissioner's findings are supported by substantial evidence. *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). If the Commissioner's decision is supported by substantial evidence, this Court must affirm even if it would decide the matter differently, and even if substantial evidence also supports the opposite conclusion. *Id. citing Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Circ. 1983), *and Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc). This Court may not "review the case de novo, resolve

conflicts in the evidence, or decide questions of credibility." *Nelson*, 195 F. App'x at 468, *citing Garner v. Heckler,* 745 F.2d 383, 387 (6th Cir. 1984).

Plaintiff himself admits that there are two "equally plausible" interpretations of the record. In his objection to the R and R, Plaintiff first states that "a close reading of the report shows that the Magistrate Judge's interpretation . . . is a very lawyerly, possible way that the ALJ's conclusions could be supported." (Pl. Obj. at 1.) Plaintiff then goes on to say that "an equally plausible interpretation of the record as a whole is that Mr. Hitdlebaugh had significant findings of a very specific basis while he had regular treatment from a mental health expert." (Pl. Obj. at 2.)  However, at this stage, the Court is not free to choose between two competing interpretations of the record—so long as the ALJ's conclusion is supported by substantial evidence, this Court will uphold it, even if substantial evidence also supports the opposite conclusion.  *See Cutlip*, 25 F.3d at 286. The Magistrate Judge found that there was substantial evidence on the record that Dr. Mika's opinion lacked credibility, and this Court agrees with this conclusion. (R and R at 29.)

ACCORDINGLY:

IT IS ORDERED that Magistrate Judge Laurie Michelson's Report and Recommendation dated April 29, 2011, is hereby accepted and adopted.

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment is DENIED.


Dated: June 30, 2011		S/Bernard A. Friedman_____
    Detroit, Michigan		BERNARD A. FRIEDMAN
				UNITED STATES DISTRICT JUDGE